UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

-v.-

John Doe,
*subscriber assigned IP address 72.229.217.221,*

Defendant.

22 Civ. 10696 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

This cause came before the Court upon Plaintiff's Motion for Leave to
Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (the "Motion"
(Dkt. #7).  The Court, having reviewed Plaintiff's Motion, supporting papers
(Dkt. #8), and Complaint (Dkt. #1), hereby finds that:

Plaintiff established that "good cause" exists for it to serve a third-party
subpoena on Spectrum (hereinafter the "ISP").  *See Arista Records, LLC* v. *Doe
3*, 604 F.3d 110, 119 (2d Cir.2010) (citing *Sony Music Entm't* v. *Does 1-40*, 326
F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004)); *Malibu Media, LLC* v. *John Does 1-
11*, 2013 WL 3732839 at *5-6 (S.D.N.Y. 2013) (same); *John Wiley & Sons, Inc.*
v. *Doe Nos. 1-30*, 284 F.R.D. 185, 189 (S.D.N.Y. 2012) (same).

If the ISP qualifies as a "cable operator,"[1] it shall comply with 47 U.S.C.
Section 551(c)(2)(B), which states that "[a] cable operator may disclose such

---

[1]     47 U.S.C. Section 522(5) defines the term "cable operator" as "any person or group of
persons":

        (A) who provides cable service over a cable system and directly or
        through one or more affiliates owns a significant interest in such
        cable system, or

[personal identifying] information if the disclosure is … made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"  The ISP shall comply with 47 U.S.C. Section 551(c)(2)(B) by sending a copy of this Order to Defendant.

Accordingly, it is hereby **ORDERED** that:

i.  Plaintiff may serve a Rule 45 subpoena immediately on Spectrum, the ISP identified in its motion, to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 72.229.217.221.  Plaintiff shall not request any additional information, including, but not limited to, email address or telephone number.  Plaintiff shall include a copy of this Order with the subpoena along with the attached "Notice to Defendant";

ii.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to Defendant;

iii.  Spectrum will have 60 days from the date of service of the subpoena to serve Defendant with a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant."  Spectrum may serve Defendant using any reasonable means, including written notice sent to his (or her) last

---

(B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system[.]

known address, transmitted either by first-class mail or via overnight service;

iv.    Defendant shall have 60 days from the date of service of the subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  If he (or she) decides to contest the subpoena, he (or she) shall at the same time notify Spectrum so that it is on notice not to release any of Defendant's contact information to Plaintiff until the Court rules on any such motions;

v.    Spectrum shall not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later.  Spectrum shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

vi.    If neither Defendant nor Spectrum contests the subpoena within the 60-day period, Spectrum shall have 10 days to produce the information responsive to the subpoena to Plaintiff; and

vii.    Any information disclosed to Plaintiff in response to the subpoena may be used by Plaintiff solely to protect its rights as set forth in its complaint.

The Clerk of Court is directed to terminate the pending motion at docket entry 7.

SO ORDERED.

Dated:   January 6, 2023
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

## **NOTICE TO DEFENDANT**

1) You are a defendant in *Strike 3 Holdings, LLC.* v. *John Doe, subscriber assigned IP address 72.229.217.221*, 22 Civ. 10696 (KPF), a case now pending before the Honorable Katherine Polk Failla, United States District Judge for the Southern District of New York.

2) Attached is Judge Failla's Order dated January 6, 2023, which sets forth certain deadlines and procedures related to this case.

3) You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed *pro se*, all communications with the Court should be through the Pro Se Office of the United States District Court for the Southern District of New York.  The Pro Se Office is located in Room 105 of the United States Courthouse, 40 Foley Square, New York, New York 10007, and may be reached at (212) 805-0175.

4) The Plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5) The Plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6) The Plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7) If you do not want your ISP to provide this information to the Plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed *pro se*, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3.  You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the Plaintiff.

8) If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the Plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the Plaintiff unless and until it determines there is no basis to withhold it. The Court must have this information so that it may communicate with

you regarding the case.

9) Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the Plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.  If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed *pro se*, your letter should be mailed to the Pro Se Office, as described in paragraph 3.  This must be done within 60 days of the date that you receive notice from your ISP that you are a Defendant in this case.  You should identify yourself in your letter by the case in which you are a Defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.